IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05753-PAB

YONDER OSCAR CASTILLO CAMACHO,

Petitioner,

v.

WARDEN, Denver Contract Detention Facility, Aurora, Colorado,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Yonder Oscar Castillo Camacho's pro se[1] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1. Respondent filed a response. Docket No. 6.

## I. BACKGROUND

Petitioner is a native and citizen of Venezuela who entered the United States at El Paso, Texas on September 10, 2023. Docket No. 1 at 5, 7. Petitioner was paroled into the United States. *Id.* He has a pending asylum application and employment authorization. *Id.* On October 13, 2026, Immigration and Customs Enforcement ("ICE") officers took petitioner into custody as he was leaving court in connection with a pending criminal case. *Id.* The petition does not describe the nature of that case, and

[1] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

nothing in the record indicates that petitioner has been convicted of any offense. *Id.* Petitioner remains detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 1, 5, 7. His petition does not mention the presentation of a warrant or other notice document at his arrest, and, since his arrest, he has received no bond hearing or custody redetermination. *Id.* at 2, 5, 7.

On October 29, 2026, petitioner filed his habeas petition. *See generally id*. He asserts two claims under the Due Process Clause of the Fifth Amendment: one challenging "the legality of his ongoing civil immigration custody" and one for "Failure to Provide a Meaningful Opportunity to Challenge Custody." *Id.* at 2, 5. For relief, petitioner requests immediate release from custody, or alternatively, "a prompt individualized custody hearing with constitutionally adequate procedures." *Id.* at 4, 6.

On November 12, 2026, respondent filed a response. Docket No. 6. The response indicates that "Respondent [is] not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case" and "recognizes that the Court may then decide to grant the Petition and award appropriate relief." *Id.* at 1. Respondent further states that "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, <u>release</u> Petitioner from detention." *Id.* at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

The Court considers petitioner's due process claim. *See* Docket No. 1 at 2, 5. Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation marks and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was released on parole in 2023. *See* Docket No. 1 at 5, 7. In releasing petitioner on parole, the government necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondent does not provide any indication as to why petitioner's parole was revoked. Here – where respondent has provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk – there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances" (alteration, internal quotation marks, and citation omitted)); *Uzcategui v. Brooksby*, 2026 WL 622751, at *11 (D. Utah

Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest.").

Petitioner was arrested as he was leaving court in connection with a pending criminal case. *See* Docket No. 1 at 5, 7. A criminal arrest could potentially bear on whether petitioner is a "danger to the community" such that detention may be warranted. But respondent does not rely on petitioner's criminal case, or on any other change in circumstances, to justify his detention. *See generally* Docket No. 6. Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation marks and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in

circumstance justifies petitioner's re-detention are low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge*, 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondent provides no argument to the contrary and does not contend that petitioner is a flight risk or danger to the community. Further, respondent states that if the Court grants the petition, the appropriate relief would be an order directing that respondent release petitioner from detention. Docket No. 6 at 1-2. Thus, the Court will grant the habeas petition on the basis of petitioner's due process claim and order petitioner's immediate release. *See Perez-Cifuentes*, 2026 WL 1733489, at *3 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination." (internal quotation marks and citation omitted)); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy.

To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger.") (internal quotation marks and citation omitted); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) (finding that "in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," petitioner's immediate release is the appropriate remedy).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge